UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 3:12CR014 (EBB) |
| V. | : | |
| DERRICK FOGLE | : | January 29, 2013 |

### MEMORANDUM IN AID OF SENTENCING

The defendant, Derrick Fogle, submits this memorandum as an aid to the Court in his sentencing. On June 7, 20012, Mr. Fogle plead guilty to Conspiracy to Unlawful Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §922 (g) (1) and 924(a) (2). Mr. Fogle is seeking a non-guideline sentence due to the over representation of his criminal history coupled with his traumatic childhood and his severe substance abuse issues.

I.   OBJECTION TO PRESENTENCE REPORT

The Defendant objects to paragraph 20 of the Pre-Sentence Report which applies a four offense level increase because the ammunition in the handgun found at the time of his arrest by the State of Connecticut on June 22, 2011, was used in connection with another felony offense, Possession of Narcotics and Sale of Narcotics. U.S.S.G. Section 2k2.1(b)(6)(B) instructs the Court to increase the base offense level by four levels if the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. §2K2.1(b)(6)(B). "In connection with" means "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." Id., comment. (n.14(A)). The Defendant objects to the 2K2.1(b)(6)(B) increase because there is no evidence to prove that the ammunition found on June 22, 2011, was used in

connection with another felony crime, or that the defendant had any reason to believe the ammunition would be used in connection with another felony crime.

In this case, the facts do not meet the elements required for the four level increase in the Mr. Fogle's base offense level. There is no documentation in any of the police reports that indicate the presence of a firearm during any of the undercover narcotics sales. The police reports from the alleged narcotics trafficking incidents dated April 11, 2001, April 18, 2011, May 28, 2011 and June 14, 2011, demonstrate that a firearm or ammunition was not present contemporaneously with any of the alleged individual narcotics sales. As a result, there is no evidence that the defendant used a firearm and engaged in trafficking narcotics. Absent any evidence that a firearm was used in connection with another felony crime, and the four level enhancement can not apply. Additionally, the search warrant executed on June 22, 2011 recovered a firearm, plastic bags, scales, and only user quantities of narcotics. During this search, while a firearm was found in the same room as the narcotics, absent any evidence of sellable quantities of narcotics, the there is nothing to suggest pursuant to 2K2.1(b)(6)(B) that it was used in furtherance of the narcotics sales. In conclusion, the facts of the case are insufficient for the government to meet its burden of proof that the ammunition was used in connection with another felony offense, and therefore the four level enhancement cannot be applied in this case.

II.     LEGAL DISCUSSION

The United States Sentencing Guidelines operate in the context of section 3553 of Title 18 of the United States Code. Section 3553(a) provides that the court "shall impose a sentence sufficient, but not greater then necessary...

      A.      to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      B.      to afford adequate deterrence to criminal conduct;

      C.      to protect the public from further crimes of the defendant; and,

      D.      to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner",

18 U.S.C. section 3553(a).

The sentencing guidelines are of course, no more than a starting point, one of many factors to be weighed when selecting a disposition that is sufficient but not greater than necessary to satisfy the purposes and goals of sentencing set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. --, 128 S.Ct. 586, 596 (2007). In this regard, it is significant that the Court is no longer hemmed in by the traditional Guidelines departure analysis required under *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). See *United States v. Brown*, -- F.3d --, 2008 WL 239055 (2d Cir., Jan. 30, 2008). The primary objective for this, as any, sentencing is to "make an individualized assessment based on the facts presented." *Gall*, *supra*, at 597. The operative term in the legal argument stated above is that the court must impose a sentence which is sufficient but not greater than necessary to satisfy the purpose of sentencing. Gall v. United States, supra. Mr. Fogle is respectfully asking the Court to impose a non-guideline sentence of substantially below the recommended sentencing guideline range found by this Court after the resolution of the objection to the PRS referenced above.  This request for a non-guideline sentence is based upon the over representation of Mr. Fogle's criminal history coupled with his difficult childhood and his severe substance abuse issues.

THE DEFENDANT'S CRIMINAL HISTORY IS OVERSTATED AND WARRANTS CONSIDERATION FOR A DOWNWARD DEPARTURE, OR ALTERNATIVELY HIS OVERSTATED CRIMINAL HISTORY CALLS FOR A NON-GUIDELINE SENTENCE

The Sentencing Court is entitled "to make a departure based on an individualized consideration of factors relevant to an assessment of whether CHC VI 'significantly over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes.' U.S.S.G. § 4A1.3." U.S. v. Mishoe, 241 F.3d 214, 219 (2nd Cir. 2001). "Such factors might include, for example, the amount of drugs involved in [the defendant's] prior offenses, his role in those offenses, the sentences previously imposed, and the amount of time previously served compared to the sentencing range called for by placement in CHC VI." Id.  The relationship between a particular defendant's CHC VI sentencing range and the time he served on his prior sentences, in conjunction with his other individual factors, may warrant a departure. Mishoe, 241 F.3d at 220.

> "Obviously, a major reason for imposing an especially long sentence upon those who have committed prior offenses is to achieve a deterrent effect that the prior punishments failed to achieve.  That reason requires an appropriate relationship between the sentence for the current offense and the sentences, particularly the times served, for the prior offenses.  If, for example, a defendant twice served five or six years and thereafter committed another serious offense, a current sentence might not have an adequate deterrent effect unless it was substantial, perhaps fifteen or twenty years.  Conversely, if a defendant served no time or only a few months for the prior offenses, a sentence of even three or five years for the current

offense might be expected to have the requisite deterrent effect." <u>Mishoe</u>, 241 F.3d at 220.

The Sentencing Commission "permits a sentencing court, in appropriate cases, to include in its individualized consideration of a section 4A1.3 departure the relationship between the punishment prescribed by a career offender CHC and the degree of punishment imposed for prior offenses." <u>Mishoe</u>, 241 F .3d at 220.

Sentencing courts have looked to the particular circumstances of the defendant's prior convictions as well as to the sentences imposed after those convictions in making the individual determinations that the defendant's criminal histories are over-represented.  In <u>U.S. v. DeJesus</u>, 75 F. Supp. 2d 141 (S.D.N.Y. 1999), the defendant had eight prior convictions preceding his sentencing for conspiracy to commit assault in aid of racketeering and attempting to commit assault in aid of racketeering and attempting to commit assault with a dangerous weapon, which prior convictions collectively resulted in no more than two years in jail. <u>DeJesus</u>, 75 F. Supp. 2d at 143-44.  At sentencing, the court began by recognizing that "[t]ypically, a defendant who falls into category V has committed serious crimes requiring lengthy imprisonment.  A high criminal history category demonstrates that there is little reason to believe that previous punishment has had any impact on the defendant and that he is unlikely to be rehabilitated." <u>Id</u>. at 144. However, the court, in departing downwards, also recognized that "[a] lengthy sentence required by a higher criminal history category will lessen, not increase, the likelihood of rehabilitation…because most of [the defendant's] earlier crimes were non-violent and because he has not served any significant terms of incarceration…" <u>Id</u>. at 144.

Derrick Fogle's criminal history places him in criminal history category VI; however, a careful review of the criminal history reveals that he has not served more than a total of 88

months of incarceration for all of his convictions.[1]  Derrick does have previous convictions for which he spent time in prison, however, his longest period of incarceration has been 48 months.  In this case Derrick is facing substantially more than 48 months for this first federal conviction and he does not need an extremely long prison sentence to deter him from further crimes.  Derrick is going to serve a significant period of incarceration for this conviction however, he does have personal qualities which should point this court toward an emphasis on rehabilitation when fashioning a sentence for him.   A sentence one and one half times his previous maximum sentence of 48 months, or 72 months of incarceration, is sufficient but not more than necessary to accomplish the goals of sentencing in this case.

**The Court should consider Derrick's traumatic childhood and his severe narcotics addiction and his potential for rehabilitation when considering the appropriate sentence**

Derrick Fogle was born in Waterbury, Connecticut, on February 20, 1979, to Alex Sullivan and Gloria Fogel.  Derrick's father was absent the majority of his childhood, coming in and out of his life every few months.  Derrick had two biological brothers: Darrin Fogle, who died at age 30 due to suicide; and Herbert Fogle, now 30, who is reportedly incarcerated by the State of Connecticut for drug related offenses.   Derrick has been affected deeply by the death of his brother and comes to tears when talking about him.  Derrick has related to the undersigned that his brother's death has been a turning point in his life making him think about what is

---

[1] Paragraph 41 of the PSR states that Mr. Fogle has spent 156 months incarcerated by the State of Connecticut.  Mr. Fofle disputes this and states that the 156 months represents the time he was sentenced to not the time he actually spent incarcerated before his release for good time credit and parole.

important to him and how he has to change his life for the better.  With this in mind, Derrick married his long time girlfriend Crystal last year and has welcomed her four children into his family as his own children.  Derrick also has three children of his own, Derrick, 15; Ayden, 5; Derrianna, 1; all of whom he loves very much.  Derrick has told the undersigned that his brother's death has made him want to be a better person and a better father to his own children.  Derrick is looking forward to the time when he is released from incarceration so that he can be reunited with Crystal and all of his children.  He wants to have the opportunity to be a better father to his children than his father was to him and his brothers when they were children

     Derrick's family was very poor when he was growing up.  His mother was the recipient of state aid and her only income was disability payments due to a wrist injury.  The family often depended on relatives to help put food on the table, and clothes on their backs.  Derrick reported that he was raised "in the projects" of Ansonia, and while walking to and from school he regularly witnessed drug deals and other criminal activity. While at school, Derrick remembers being bullied by the other children due to "ratty clothes" and other "run down stuff" he and his brother wore to school.  Derrick began to get into trouble himself around the age of 12 or 13, he related that he "had to fight a lot" in response to the harassment he and his younger brother suffered from the other kids in the neighborhood.  Derrick became inwardly angry as a result of the bullying and in elementary school, he was sent to speak to the school social worker to attempt to determine why he was so angry. However, it is unknown if any diagnosis was made at that time.  Derrick did not complete high school, dropping out of Ansonia High School in 1996.

     Derrick's has a long substance abuse history beginning when he was 14 years old. Derrick started smoking marijuana while "hanging out" with friends "on the streets" of Ansonia, but his use decreased as he grew older and was minimal prior to his arrest.  Derrick started

consuming alcohol when he was approximately 16 years old, and continued to do so on a daily basis until his arrest in this case. He readily admitted to the undersigned that he has a severe alcohol problem.  However, the most significant substance issue he has is his addiction to PCP, a very powerful halucinigen that distorts a user's reality.  Derrick was approximately 18 years old he began to use PCP, and it quickly became his "drug of choice" up until the time of his arrest in this case. Derrick's PCP use has been the root cause of his criminal problems.  When he is off drugs he is a very well spoken nice individual but when he is caught in his addiction he resorts to negative behavior.  For Derrick to have success upon his release from incarceration he will need significant substance abuse treatment, something that has been absent from his life up to the present time.  Derrick has told the undersigned that he desperately needs intensive treatment, and has requested the Court's recommendation for the 500-hour program at the Bureau of Prisons, even though he will not be eligible for the one year time reduction for successful completion of the program.

      Derrick Fogle is 33 years old and with the right vocational training he has the intelligence and ability to earn a living and be a productive member of society.  The Court must take into consideration Derrick's age and his ability to rehabilitate himself when considering the appropriate sentence for him.  This is a man who has potential and this Court should recognize this and fashion a sentence that is long enough to punish him for his conduct but not too long to deny him the ability to have a meaningful life after prison.   A sentence of 72 months of incarceration is sufficient but not more than necessary to accomplish the goals of sentencing in this case.

CONCLUSION

      Finally, in conclusion, Derrick has a request for the Court to consider in imposing its sentence upon him; he has a very strong relationship with his wife Crystal and his mother and he requests that the Court recommend to the BOP that he be incarcerated at FCI Otisville, NY, or another facility located as close to Waterbury, Connecticut as possible so he may maintain a positive relationship with his family.  Additionally, Derrick would like the opportunity to receive the 500-hour drug treatment program offered by the BOP even though it is likely he will not receive the one year time reduction for completing the program.  Derrick recognizes that his most significant obstacle to a productive life is his drug addiction and he is seeking any treatment available to help him to positively deal with this terrible problem.

      Respectfully submitted,

      Derrick Fogle

By:     **/s/ CT17505**
      Francis L. O'Reilly
      167 Old Post Rd
      Southport, CT 06890
      TEL: (203) 319-0707
      FAX: (203) 319-0128
      Fed. Bar No. CT17505

**CERTIFICATION**

      This is to certify that a copy of the foregoing was electronically filed to all counsel of record this date, January 29, 2012, to the following:

Marc Silverman., Esq. AUSA
Assistant United States Attorney's Office
157 Church Street, 23rd floor
New Haven, CT 06510

                                                          By:    **/s/ CT17505**
                                                                            Francis L. O'Reilly