UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:12cr14(EBB) |
| | : | |
| v. | : | |
| | : | |
| DERRICK FOGLE, a.k.a. "Giggles," "Gigs," | : | |
| and "G" | : | January 30, 2013 |

GOVERNMENT'S REPLY MEMORANDUM IN AID OF SENTENCING

The Government submits this brief reply to the arguments raised in the defendant's sentencing memorandum. For the reasons set forth below and previously set forth in the Government's memorandum in aid of sentencing, *see* Dkt. No. 41, the Government respectfully submits that the appropriate Guidelines range is 110-120 months of imprisonment and that a sentence within that range is warranted.

I.      Application of the Four-Level Enhancement Pursuant to U.S.S.G. § 2K2.1(b)(6)(B)

As anticipated, the defendant objects to the application of the four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B). The defendant contends that "there is no evidence to prove that the ammunition found on June 22, 2011, was in used in connection with another felony crime, or that the defendant had any reason to believe the ammunition would be used in connection with another felony crime." *See* Def.'s Mem. at 1-2 (Dkt. No. 47). The defendant further argues that there is no evidence that he carried any firearm or the ammunition during the controlled purchases of narcotics that preceded his June 22, 2011 arrest or that any distribution-level quantities of controlled substances were located in his residence on June 22, 2011. *See id.* at 2. These arguments are misplaced.

Application Note 14(B) of U.S.S.G. § 2K2.1 expressly provides that in the context "of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-

manufacturing materials, or drug paraphernalia," the four-level enhancement "is warranted because the presence of the firearm has the potential of facilitating another felony offense." Here, it is undisputed that the search warrant executed at the defendant's residence on June 22, 2011 resulted in the recovery of the loaded firearm, plastic bags consistent with those used in packaging controlled substances for street-level distribution, several pieces of cocaine base, three metal razor blades, a digital scale containing cocaine residue, a plate containing several pieces of cocaine base, and four cellular telephones.  Given the recovery of all of this contraband in the same bedroom and the resulting state and federal drug charges, the four-level enhancement plainly applies.  In these circumstances, whether the quantity of drugs recovered was sufficient for distribution is immaterial.  The ammunition loaded in the firearm found in close proximity to the drugs, drug-manufacturing materials, and drug paraphernalia plainly had the potential of facilitating any number of other felony offenses.

Accordingly, the Government respectfully submits that the four-level enhancement should be applied.

II.     The Defendant is Appropriately Placed in Criminal History Category VI

The defendant next contends that his Criminal History Category is overstated and therefore warrants a downward departure or a non-Guidelines sentence.  *See* Def.'s Mem. at 4-6.  The Government disagrees.

The defendant's disturbing criminal history is described at length in paragraphs 28-41 of the PSR and discussed at length in the Government's memorandum in aid of sentencing.  It includes prior convictions for weapons and acts of violence:  Robbery in the Second Degree, Carrying a Dangerous Weapon, No Pistol Permit, Criminal Weapon Possession, Attempted Assault in the First Degree, and Conspiracy to Commit Assault in the First Degree.  See PSR ¶¶

29, 31, 36, 37, 38.  It also includes two convictions for Possession of Narcotics and convictions for Failure to Appear, Escape, Interfering/Resisting, and Criminal Impersonation.  <u>See</u> PSR ¶¶ 28, 30, 32, 33, 34, 35, 39, 40.  The defendant therefore falls within Criminal History Category VI despite the fact that the first eight of his thirteen convictions are not assigned any criminal history points.

As the defendant points out, Guideline Section 4A1.3 provides that a downward departure in Criminal History Category may be warranted "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Application Note 3 provides an example of a situation where such a departure may be warranted: "the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period."  The defendant's criminal history is worlds away from that scenario.

Indeed, if any departure is warranted—and to be clear, the Government is not seeking any departure—it would be an upward departure from Criminal History Category VI.  The number and gravity of the defendant's prior convictions--especially his prior convictions for weapons and acts of violence—provide reliable information indicating that placement in Criminal History Category VI "substantially underrepresents the seriousness of the defendant's criminal history" and "the likelihood that the defendant will commit other crimes."  <u>See</u> U.S.S.G. §§ 4A1.3(a)(1); 4A1.3(a)(4).  On this note, the Government underscores that the defendant's first eight convictions--including convictions for Robbery in the Second Degree, Possession of Narcotics, and Carrying a Dangerous Weapon, committed between the ages of 17 and 21--are not used in computing his Criminal History Category.  <u>See</u> U.S.S.G. § 4A1.3(a)(2)(A).

Accordingly, the Government opposes any departure or non-Guidelines sentence on the ground that the defendant's placement in Criminal History Category VI is overstated. The defendant has earned his placement in Criminal History Category VI through his long and troubling criminal history.

### III.  The Defendant's Catchall Argument

In seeking a sentence of 72 months of incarceration, the defendant next argues that the Court should consider his "traumatic childhood," "his severe narcotics addiction," and "his potential for rehabilitation." Def.s' Mem. at 6. The Government does not seek to minimize these factors, but respectfully submits that none of them warrant a sentence below the Guidelines range of 110-120 months of imprisonment, whether considered individually or collectively.

With respect to the defendant's childhood, the Government notes that the defendant "reported no physical, sexual, or emotional/mental abuse. The most traumatic memory the defendant had was learning of his brother's suicide. The defendant was approximately 31 years old at the time." PSR ¶ 49. Although the defendant grew up in poverty, "the family had food on the table." PSR ¶ 47. Moreover, the defendant is now 33 years old. The passage of time and significant intervening events--including numerous periods of imprisonment--have taken the defendant far from his troubled childhood.

With respect to the defendant's substance abuse, the Government makes three points. First, the defendant's previous terms of incarceration were periods of forced sobriety. But despite these opportunities to turn his life around, the defendant has time and again returned to a life of drugs, guns, and other criminal activity. Second, the defendant's addiction to PCP highlights the danger he poses to himself and others. As the defendant's sentencing memorandum makes clear, PCP is a "very powerful hallucinogen that distorts a user's reality."

Def.'s Mem. at 8.  Third, the defendant's personal experience with the devastation of substance abuse underscores the seriousness of his own drug trafficking.  He persisted in the distribution of cocaine base despite his firsthand knowledge that this criminal activity would destroy other lives.

With respect to his potential for rehabilitation, the Government hopes that the defendant will use whatever term of imprisonment is imposed to address his substance abuse, learn a vocational skill, reflect on his criminal past, and plan for his future.  At 33 years old, he remains a young man who eventually can reenter the community as a productive member of society—even after serving a term of imprisonment within the Guidelines range of 110-120 months of imprisonment.  But such a sentence is necessary to effect specific deterrence and protect the public from further crimes of the defendant.  Despite numerous periods of imprisonment in the state system, some of them of substantial duration, the defendant obviously has not gotten the message that his actions have serious consequences.  A sentence within the Guidelines range of 110-120 months now is necessary to effectively convey that message.  As the PSR put it, the defendant's "personal background may have impacted his commission of crimes early on, but he has a long and steady history of criminal involvement, including involvement with guns."  PSR ¶ 85.  In short, the risk of recidivism is high and the sentence imposed should reflect that risk.

IV.     CONCLUSION

For the reasons set forth above and for the reasons set forth in the Government's memorandum in aid of sentencing, the Government respectfully submits that the appropriate Guidelines range is 110-120 months of imprisonment and that a sentence within that range is warranted in this case. The Government objects to any departure or non-Guidelines sentence below that range.

> Respectfully submitted,
>
> DAVID B. FEIN
> UNITED STATES ATTORNEY
>
>   /s/
> MARC H. SILVERMAN
> ASSISTANT UNITED STATES ATTORNEY
> Federal Bar No. phv04307
> 157 Church Street, Floor 25
> New Haven, Connecticut  06510
> (203) 821-3700

C E R T I F I C A T I O N

I hereby certify that on January 30, 2013, the foregoing Government's Memorandum in Aid of Sentencing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

>   /s/
> MARC H. SILVERMAN
> ASSISTANT UNITED STATES ATTORNEY